IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROGER A. CULBRETH | : | CIVIL ACTION |
| --- | --- | --- |
| | : | NO. 09-04277 |
| v. | : | |
| | : | |
| RAY CORLL | : | |
| | : | |
| and | : | |
| | : | |
| PHIL BERNOT | : | |

O'NEILL, J.                                                                                         OCTOBER 22, 2010

## MEMORANDUM

Presently before me is defendant Phil Bernot's motion to dismiss plaintiff's amended complaint. For the following reasons, I will deny the motion.

## BACKGROUND

Defendants Ray Corll and Phil Bernot were police officers in the Lancaster City Police Department. On September 29, 2007, they arrested plaintiff for alleged nuisance violations. Plaintiff alleges that in the course of that arrest defendant Corll used excessive force on him. Plaintiff further alleges that Bernot observed Corll's use of excessive force but failed to intervene.

Plaintiff filed his original complaint pro se. There, he named Corll and the Lancaster City Police Department as defendants. In his handwritten statement of the events giving rise to his claim, however, he noted that Bernot was Corll's partner and was present when Corll allegedly used excessive force against plaintiff.

On February 16, 2010, defendants Corll and the Lancaster City Police Department filed a motion to dismiss. On April 26, 2010, I granted plaintiff's motion for appointment of counsel

and appointed Cheryl A. Krause, Justin N. Pentz and Stephen D. Brown to represent plaintiff in this matter. Shortly thereafter, the parties stipulated that defendants would withdraw their motion to dismiss and plaintiff would be allowed to amend his complaint. Plaintiff filed his amended complaint on May 28, 2010. Therein, he removed the Lancaster City Police Department as a defendant but added Bernot. On July 25, 2010, Corll filed an answer. On August 3, 2010, Bernot filed the motion to dismiss presently under consideration.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must

2

now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11 (quoting Iqbal, 129 S. Ct. at 1950). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

## DISCUSSION

Bernot argues that the complaint against him is barred by the statute of limitations and therefore should be dismissed. Civil rights actions brought under 42 U.S.C. § 1983 are subject to Pennsylvania's two year statute of limitations. See Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003); see also 42 Pa. Cons. Stat. Ann. § 5524 (Pennsylvania's statute of limitations). Plaintiff's injury occurred on September 29, 2007. Therefore, in order to avoid being barred by the statute of limitations, plaintiff must have brought his claims prior to September 29, 2009. His original complaint, filed September 23, 2009, clearly satisfies the statute of limitations. His amended complaint, however, was not filed until May 28, 2010.

3

Plaintiff argues that his amended complaint is not subject to the statutory time bar because it relates back to his original complaint. Bernot disagrees. Rule 15(c) of the Federal Rules of Civil Procedure, which governs relation back, provides:

> An amendment to a pleading relates back to the date of the original pleading when:
> . . .
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B)[1] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and the complaint, the party to be brought in by amendment:
>> (i) received such notice of that action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the party's proper identity.

At its essence, the Rule requires me to answer three questions: (1) did Bernot receive notice of the lawsuit? If so, (2) did Bernot receive that notice in a time and manner such that he was not prejudiced in presenting his defense? Finally, if the first two questions are answered in the affirmative, (3) did Bernot know, or should he have known, that but for a mistake concerning his identity plaintiff would have named him as a defendant in the original complaint? See Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186, 194 (3d Cir. 2001).

I.      Bernot Has Received Notice of the Lawsuit

"[N]otice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some

---

[1] Rule 15(c)(1)(B) provides that an amendment relates back to the original pleading when: "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading[.]" There is no dispute that plaintiff's proposed amendment arises out of the same occurrence referenced in the original complaint.

informal means . . . . At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action." Id. at 195. The notice requirement of Rule 15(c)(1)(C)(i) can be satisfied in either of two ways: (1) the "shared attorney method;" or (2) the "identity of interests method." See id. at 196. Plaintiff argues that Bernot received notice of the action under both methods. Pl.'s Br. at 4 (Doc. No. 25).

    A.    Shared Attorney Method

The shared attorney method "is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." Id. In order to avail himself of the shared attorney method, "a plaintiff must show that there was some communication or relationship between the shared attorney and the John Doe defendant prior to the expiration of the 120-day period." See Garvin, 354 F.3d at 225 (internal quotation marks omitted).

The shared attorney method cannot satisfy the notice requirement in this case because there is no evidence that Bernot shared an attorney with Corll or the Lancaster City Police Department during the 120 days following the filing of the original complaint. See Garvin, 354 F.3d at 223-34. Although Sheryl L. Brown presently represents both Corll and Bernot, she did not enter her appearance on behalf of Bernot until June 25, 2010–eleven months after the original complaint was filed. Absent some other evidence that Brown's representation of Bernot began within 120 days after the complaint was filed, the shared attorney method cannot impute notice to Bernot.

B.      Identity of Interests

The identity of interest method is based on the principle "that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." See Singletary, 266 F.3d at 197. "In other words, constructive notice under the identity of interest factor hinges on whether the working relationship between the new defendant and the ones previously named is close enough that notice may reasonably be implied." See Robinson v. Adams, No. 09-3587, 2010 WL 3069647, at *3 (E.D. Pa. Aug. 4, 2010) (quotation marks omitted).

Robinson is instructive in deciding whether the identity of interest method applies in this case. There, the plaintiff, an inmate at SCI-Greene, filed a complaint against various employees of SCI-Greene, alleging both that they had failed to protect him from abuse by other inmates and that they had been deliberately indifferent to his serious medical needs. Id. at *1. The plaintiff moved to add another employee of SCI-Greene, Lieutenant Hopkins, as a defendant. Id. The Court held that Hopkins had notice of the lawsuit under the identity of interests method. Id. at *3. The Court was persuaded by the facts that Hopkins and the named defendants all worked closely together on SCI-Greene's J-Block and that Hopkins was "integrally involved" with the named defendants in the events that gave rise to the litigation. Id.

This case is analogous. Like in Robinson, where the named defendants worked in close proximity to Hopkins, in this case plaintiff asserts that Bernot and Corll were partners at the time of the incident giving rise to this lawsuit and remained partners through September of 2009 when plaintiff filed his original complaint.[2] Additionally, like in Robinson where Hopkins was

---

[2]     No defendant disputes this assertion.

involved in the events that gave rise to the lawsuit, here, Bernot was present when the incident occurred and the officers continued to work closely together thereafter. Under these circumstances, it is inconceivable that upon being served with plaintiff's complaint Corll did not mention the lawsuit to Bernot. The identity of interest method operates, under these circumstances, to impute notice of the lawsuit to Bernot.

II.     Bernot Has Not Suffered Prejudice

Having found that Bernot had sufficient notice of the lawsuit, I must decide whether he would suffer prejudice if he were joined as a defendant in this lawsuit. For the purposes of Rule 15, a newly-named defendant suffers prejudice if he, "for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale." Nelson v. County of Allegheny, 60 F.3d 1010, 1014-15 (3d Cir. 1995). The Court of Appeals has explained that "[p]rejudice and notice are closely intertwined in the context of Rule 15(c)(3), as the amount of prejudice a defendant suffers under 15(c)(3) is a direct effect of the type of notice he receives." Singletary, 266 F.3d at 194 n.3.

Bernot asserts that "[t]o permit his joinder at this late juncture prejudices his ability to prepare a timely defense . . . ." Def.'s Br. at 11. More specifically, he raises the concern that "there is no indication that Officer Bernot maintained or preserved any individual records or documents relating to this claim as he had not been named as defendant within the applicable statute of limitations." Id. at 10-11.

Bernot's argument is unpersuasive for several reasons. First, Bernot does not assert that he has not maintained documents relevant to this case. He merely asserts that "there is no indication that Officer Bernot maintained [such documents]." Id. Bernot himself is, of course, in

the best position to know if he had preserved the relevant documents–if he had not, he must assert that fact directly. Absent a more direct assertion, I will assume that the relevant documents, if there are any, are available. Second, even if Bernot had not preserved the documents, the fact that he had constructive notice of this lawsuit within 120 days of the filing of the complaint renders any failure to maintain individual records and documents unreasonable. See 6A Charles A. Wright, et al., Federal Practice and Procedure § 1498.1 (3d ed. 2010) ("the court should not give special treatment to the careless or myopic added defendant whose alleged prejudice results from the defendant's own superficial investigatory practices or poor preparation of a defense."). Finally, Bernot is presently represented by the same attorney who has represented Corll throughout the litigation. Because the claims against both defendants arose out of the same incident, the evidence collected in support of Corll's defense is likely to be the same evidence that will support Bernot's defense. Therefore, Bernot had timely access through his attorney to the evidence necessary to preparing his defense. See Smith v. City of Philadelphia, 363 F. Supp. 2d 795, 802 (E.D. Pa. 2005) (noting that because the newly added defendants shared counsel with the original defendants, they had timely access to the evidence regarding the allegations in the complaint and therefore they suffered no prejudice).

      In sum, I find that Bernot will not be prejudiced in his ability to prepare and present his defense.

III.    Mistake Concerning Proper Identity

      The final question I must decide is whether Bernot knew, or should have known, that but for a mistake concerning his identity plaintiff would have named him as a defendant in the original complaint. Rule 15's mistake provision is interpreted broadly in this Circuit.

See Kinnally v. Bell of Pennsylvania, 748 F. Supp. 1136, 1141-42 (E.D. Pa. 1990). "A mistake is not limited to instances in which the wrong party is blamed while the real culprit remains unknown. A mistake also includes errors in legal form, for example: where a plaintiff has full knowledge of all relevant actors but lists the technically incorrect party in her complaint." Id.

In Kinnally, my colleague Judge Pollak considered a situation where a pro se plaintiff filed a Title VII lawsuit against her employer. Her original complaint named Bell and Myron Borsdam, a manager in Bell's construction group, as defendants. Id. at 1138. Approximately six months later, the plaintiff amended her complaint to add Gilbert A Wetzel, the president of Bell, and Kenneth Bosch, the plaintiff's direct supervisor, as defendants. Id. at 1139. The question presented was whether the amendment related back to the original complaint. Id. Judge Pollak disagreed with the defendants' argument that Rule 15's mistake provision had not been satisfied because the plaintiff's "failure to include defendants Wetzel and Bosch in the original complaint [could not] be traced to a mistake concerning identity." Id. at 1141-42. After noting that the plaintiff had filed her complaint pro se, Judge Pollak noted "[n]ot fully versed in the law, she made a mistake by not listing individual parties who could technically have been included as defendants." Id. at 1142.

The same is true in this case. Plaintiff filed his complaint pro se. Despite noting in his factual statement that Bernot was present during the alleged use of excessive force, plaintiff did not sue Bernot. This oversight was plainly not a strategic decision by plaintiff; instead, it was due to his unfamiliarity with the technical principles underlying legal liability. As a layperson, plaintiff simply "made a mistake by not listing all the individual parties who could technically have been included as defendants." Id.; see also Urrutia v. Harrisburg County Police Dept., 91

9

F.3d 451, 457-58 (3d Cir. 1996) (finding Rule 15's mistake provision to be satisfied where a pro se plaintiff sued the Harrisburg Police Department instead of the individual officers). Accordingly, I find that plaintiff's failure to name Bernot as a defendant in the original complaint was due to a legal mistake. Rule 15(c)(1)(C)(ii) is thus satisfied.

CONCLUSION

All of Rule 15(c)'s requirements have been satisfied. Plaintiff's amended complaint thus relates back to his original complaint. Accordingly, I will deny Bernot's motion to dismiss the complaint against him.